IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

FILED
U.S. DISTRICT COURT

2006 DEC -1  A 10: 37

DISTRICT OF UTAH

BY:_____
          DEPUTY CLERK

| | |
|---|---|
| DOUGLAS J. WOOD,<br><br>    Plaintiff,<br><br>vs.<br><br>ICON HEALTH FITNESS, Inc., and JOHN DOES 1 through 3, and JANE DOES 1 through 3,<br><br>    Defendants. | **ORDER**<br><br>Case No.: 1:04-CV-00043<br>Judge Dee Benson |

Before the Court is Defendant's motion to dismiss for failure to prosecute or, in the alternative, motion to exclude Plaintiff's evidence at trial.   Having reviewed the parties' arguments and the relevant law, the Court now DENIES Defendant's motion.

Defendant's arguments in support of its motion are directed principally to the conclusion that the Court has the authority to impose dismissal with prejudice for a failure to comply with earlier orders setting a discovery schedule.  It is certainly true that the Federal Rules of Civil Procedure vest courts with discretion to use dismissal with prejudice as a sanction:

> For failure of a plaintiff to prosecute or to comply with these Rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

Fed. R. Civ. P. 41(b); *see also Mobley v. McCormick*, 40 F.3d 337, 340 n. 1 (10th Cir. 1994). Defendant's argument is less persuasive, however, on the point that Plaintiff's prosecution of this lawsuit has been so dilatory as to warrant imposition of the extreme sanction of dismissal with prejudice.

Defendant correctly points out that the Tenth Circuit Court of Appeals has identified five

factors district courts are to consider when deciding whether to dismiss a case under Rule 41(b):

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

*Mobley*, 40 F.3d at 340 (quotations and citation omitted).  Defendant offers no argument, however, regarding four of the five factors, observing only that "the only [factor] that is not clearly satisfied by Mr. Wood's failure to prosecute is number 4 regarding a warning by the Court."  Def. Memo. in Support of Mot. to Dismiss or to Exclude Evidence at 8; Memo. in Opp. to Pl. Stmnt. of Good Cause at 6.  Defendant then goes on to resolve any perceived difficulty regarding the fourth factor by asserting that Defendant's own letter to Plaintiff put Plaintiff on notice that dismissal is a possible remedy for failure to prosecute.  But Defendant's threatening letter is not equivalent to a warning from the Court that dismissal "would be a likely sanction." Moreover, dismissal with prejudice is a drastic remedy, and one that should be used "as a weapon of last, rather than first, resort."  *Mobley*, 40 F.3d at 340 (quotations and citation omitted).  It is a weapon the Court is unwilling to employ in this case in light of Defendant's complete failure to demonstrate that any of the *Mobley* factors—even those relating to the Defendant—have been satisfied.

Defendant's argument that Plaintiff's evidence should be excluded at trial is no more persuasive.  Defendant again points out the truism that the Court may exclude evidence as a sanction for failure to disclose information during the discovery process but offers no argument that Plaintiff's failures merit the extreme sanction of exclusion of all Plaintiff's evidence at trial. Defendant's protestations that Plaintiff's "discovery violations are per se harmful because they are all encompassing," while no doubt heartfelt, are an inadequate substitute for argument and legal authority.  Def. Memo. in Support of Mot. to Dismiss or to Exclude Evidence at 9.

For these reasons, Defendant's motions are both DENIED.  Plaintiff and Defendant shall have ninety days from the date of this order to complete all discovery, including completion and submission of expert reports.  At the conclusion of this period the parties may contact the Court to schedule a new trial date.

**IT IS SO ORDERED**

DATED this 30th day of November, 2006.

Dee Benson
United States District Judge

3