IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS J. WOOD,<br><br>      Plaintiff,<br><br>vs.<br><br>ICON HEALTH FITNESS, Inc., and JOHN DOES 1 through 3, and JANE DOES 1 through 3,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.: 1:04-CV-00043<br>Judge Dee Benson |

Plaintiff filed his complaint March 15, 2004, asserting claims of employment discrimination and retaliation against his former employer, Icon Health Fitness.  On March 21, 2006, Defendant filed a motion to dismiss for lack of prosecution, detailing Plaintiff's numerous failures to comply with discovery deadlines.  Mr. Wood did not respond to this motion.  The Court issued an order to show cause why the case should not be dismissed for failure to prosecute on May 4, 2006.  Mr. Wood did respond to this order, indicating that his physical, emotional and financial reserves had been drained by his preparation for an appeal of the denial of his application for Social Security disability benefits.  Response to Order to Show Cause, Dkt. 24.  Mr. Wood pledged to devote himself henceforward to this lawsuit.  The Court did not dismiss the case and denied Defendant's motion to exclude Plaintiff's evidence at trial as a sanction for discovery violations.  December 1, 2006 Order, Dkt. 35.  The Court additionally extended the discovery deadlines, giving Plaintiff ninety days from the date of the order "to complete all discovery, including completion and submission of expert reports." *Id*. at 3.

On February 28, 2007, Plaintiff filed a motion for an extension of time to complete discovery, representing that opposing counsel would agree to the extension of time. Motion for Order Allowing Additional Time to Complete Discovery, ¶ 9, Dkt. No. 46. Plaintiff's counsel explained that depositions scheduled for February 28, 2007 (the day the motion to extend time was filed) had to be cancelled because of

> Plaintiff Douglas J. Wood's inability to assist in preparation for and attendance at the scheduled depositions due to a painful inner ear infection, the time requirements and distraction occasioned by the last illness, recent death and requisite funeral arrangements of Plaintiff's counsel's aunt, Sarah Edgel, Plaintiff's counsel's administrative office staff's failure to schedule and secure facilities and court reporters for the scheduled depositions and the short notice given to Defendant, Defendant's counsel and deponents to ensure attendance at the scheduled depositions, by subpoena if necessary.

*Id*. at ¶ 6. Defendant did not share Plaintiff's counsel's belief that they had agreed to extend the discovery deadlines, and filed an opposition to Plaintiff's motion March 6, 2007. Dkt. No. 48. The local rules for the United States District Court for the District of Utah provide that a party may file a reply brief within seven days of service of the opposition memorandum. DUCivR 7-1(b)(3). Plaintiff filed a reply memorandum in support of his motion to extend time for completing discovery some twenty-six days after service of the opposition memorandum. Dkt. No. 56. The Court denied the motion April 2, 2007.

Meanwhile, on March 19, 2007, Defendant filed a motion for summary judgment on Plaintiff's two federal claims and for dismissal of Plaintiff's state law claims. The local rules allow thirty days for a party to oppose a motion for summary judgment. DUCivR 56-1(b). Plaintiff has failed to oppose the motion.[1] "Failure to respond timely to a motion may result in

---

[1]In his April 2, 2007 reply memorandum in support of his motion to extend discovery deadlines, Plaintiff expresses an intention of filing a motion pursuant to Federal Rule of Civil Procedure 56(f) requesting additional time in order to complete discovery so as to be able to file an opposition to Defendant's motion for summary judgment. Plaintiff has not filed such a

the court's granting the motion without further notice." DUCivR 7-1(d).  Neither the opposing party nor the Court need wait indefinitely for a party to prosecute his own law suit.  The Court accordingly will address the merits of the motion in the absence of a response from Plaintiff.

Defendant asserts—and supplies ample evidence to support the assertion—that Mr. Wood was terminated not for discriminatory reasons prohibited by federal law, but because of Defendant's belief that Mr. Wood posed a danger to his co-workers.  Mr. Wood has done nothing to suggest that this reason is pretextual.  Thus, even if the Court were to assume he had made out a prima facie case of discrimination, his case would fail since his employer has provided a legitimate non-discriminatory explanation for terminating his employment.  Even if Mr. Wood had come forward with evidence to suggest that his erstwhile employer's fears were groundless, that evidence could do nothing to save his discrimination claim unless he could show the stated reason was, at the time of his dismissal, but a sham serving to disguise a discriminatory motivation.  *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir.  1998) ("An articulated motivating reason is not converted into pretext merely because, with the benefit of hindsight, it turned out to be poor business judgment.").  In any event, Mr. Wood has come forward with no evidence to make out his prima facie case or to rebut Defendant's proffered reason for his dismissal. There is no dispute as to any material fact and Defendant is entitled as a matter of law to summary judgment on Plaintiff's discrimination claims.

Mr. Wood's retaliation claim must founder for similar reasons.  In order to make out a retaliation claim, Mr. Wood must show that he suffered an adverse job action because he engaged in protected opposition to discrimination.  *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1198 (10th Cir. 2006).  Mr. Wood cannot show this causal connection

---

motion.  Dkt. No. 56, ¶ 3.

because he has done nothing to show that he was terminated for any reason other than the one articulated by Defendant.  Defendant is therefore also entitled to summary judgment on Mr. Wood's retaliation claims.

The remaining claims in Mr. Wood's complaint involve state law causes of action, over which the Court declines to exercise its supplemental jurisdiction.  Mr. Wood's state law claims are accordingly dismissed without prejudice.

Defendant's motion for summary judgment as to Mr. Wood's federal claims is granted, as is Defendant's motion to dismiss Mr. Wood's state law claims.  It is so ordered.

Dated this 25th day of May, 2007.

_____
Dee Benson
United States District Judge